UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN DUNNE, as Parent, sole disinterested Guardian, Prime custodian and next friend to the DUNNE CHILDREN,

                              Plaintiff,

            -against-

JOHN DUNNE,

                              Defendant,

                                and

RICHARD M. COAN, TRUSTEE,

                              Defendant-Intervenor.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/18/2020

20 Civ. 896 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Sean Dunne, brings this action on behalf of his four minor children (the "Dunne Children"), against, Defendant, John Dunne, Sean Dunne's son and the Dunne Children's half-brother, seeking a judgment declaring that certain escrowed funds should be held and used only for the benefit of the Dunne Children and enjoining John Dunne from using the funds for any other purpose. Compl. at 1, ECF No. 1-1; *see also id.* ¶¶ 15–25. Sean Dunne originally filed this action in Supreme Court, New York County. *See* Compl. John Dunne, joined by Richard M. Coan, the trustee of the bankruptcy estate of Sean Dunne ("Trustee"), removed the case to this Court pursuant to 28 U.S.C. § 1452. Notice of Removal, ECF No. 1. Now before the Court is (1) Trustee's motion to intervene as a party in this case, Motion to Intervene, ECF No. 8-4, (2) Sean Dunne's motion to remand the case to state court, ECF No. 9, and (3) Trustee and John Dunne's motion to transfer the case to the United States District Court for the District of Connecticut (the "Connecticut District Court") pursuant to 28 U.S.C. § 1412, ECF No. 3. For

the reasons stated below, the motions to intervene and transfer are GRANTED, and the motion to remand is DENIED.

## BACKGROUND

On March 29, 2013, Sean Dunne filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). Sullivan Aff. ¶ 3, ECF No. 8-5. Coan was appointed as the Chapter 7 Trustee. *Id.*

On March 27, 2015, Trustee commenced an adversary proceeding against Sean Dunne in the Bankruptcy Court seeking the avoidance and recovery of alleged fraudulent transfers made by him. *Id.* ¶ 5. Among the transferred assets was real property located in Ireland known as "Walford," which Sean Dunne conveyed to his ex-wife, Gayle Killilea. Sullivan Aff. ¶¶ 10–11. On March 29, 2013, Killilea sold Walford to a Cypriot entity named Yesreb Holding Limited ("Yesreb"). Sullivan Aff. ¶¶ 10–11. John Dunne is the sole director of Yesreb. *See* Dunne Decl. ¶ 19, ECF No. 10. In December 2016, Yesreb sold Walford to a third party, and the proceeds of that sale (the "Walford Escrow") were placed in Switzerland pending resolution of Sean Dunne's bankruptcy proceedings in Ireland (the "Walford Litigation"). Sullivan Aff. ¶ 11.

On May 6, 2019, the Connecticut District Court consolidated the adversary proceeding with a related action pending there, where Sean Dunne, John Dunne, and Killilea were all named as defendants (the consolidated actions are referred to as the "D. Conn. Case"). *Id.* ¶¶ 5, 8; Dunne Decl. ¶ 5. On June 4, 2019, the jury returned a verdict against Sean Dunne, avoiding Sean Dunne's fraudulent transfers of property, including his conveyance of Walford, to Killilea. Sullivan Aff. ¶¶ 9–10; *see also* Trustee Mem. ¶ 2, ECF No. 4.

On June 14, 2019, after the verdict but prior to completion of post-trial briefing, the Connecticut District Court referred the parties to Magistrate Judge Robert M. Spector for the purpose of settlement.  Def. Opp. ¶ 9, ECF No. 14.  In November 2019, Trustee, Killilea, John Dunne, and the administrator of the Walford Litigation reached a tentative settlement.  Dunne Decl. ¶ 14; Sullivan Aff. ¶¶ 18, 20.  The settlement would resolve all issues on a global basis between the settling parties, which would include all claims pending in the United States, Ireland, and elsewhere, and would include releases of potential claims against the Dunne Children and a trust Killilea established for their benefit.  Def. Opp. ¶ 10.

On January 30, 2020, Sean Dunne filed a complaint in Supreme Court, New York County seeking an order declaring that the Walford Escrow should be held and used only for the benefit of the Dunne Children, and enjoining John Dunne from executing documents for Yesreb relating to a proposed settlement of the Walford Litigation and the D. Conn. Case because the settlement would cause the depletion of the Walford Escrow.  *See* Compl. at 1; *id.* ¶¶ 15–25; Sullivan Aff. ¶ 22.  Sean Dunne argues that John Dunne seeks to use the Walford Escrow to settle a claim against John Dunne and Killilea, even though the Walford Escrow is owed to a trust for the benefit of the Dunne Children.  Compl. at 1.

On February 2, 2020, Trustee moved to intervene in the New York state action.  Motion to Intervene at 2.  On February 3, 2020, John Dunne and Trustee removed that case to this court, ECF No. 1, and moved to transfer the action to the Connecticut District Court.  ECF No. 3.  On February 4, 2020, John Dunne authorized Yesreb to proceed with the settlement of the Walford Litigation in Ireland.  Def. Opp. ¶ 20.  The Walford Escrow was subsequently transferred from Switzerland to Trustee for the benefit of Sean Dunne's bankruptcy estate.  *Id.*

**DISCUSSION**

I.    <u>Legal Standards</u>

    A.  Motion to Intervene

Rule 24 of the Federal Rules of Civil Procedure provides the criteria that a putative intervenor must meet to intervene either as of right or permissively. Rule 24(a) sets out the standard for intervention as of right: "On a timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "Timeliness is determined within the sound discretion of the trial court from all the circumstances." *First Data Merch. Servs. LLC v. MM Dev. Co.*, No. 19 Civ. 10964, 2020 WL 2215457, at *2 (S.D.N.Y. May 6, 2020) (internal quotation marks and citation omitted).

Rule 6009 of the Federal Rules of Bankruptcy Procedure provides that "[w]ith or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."

    B.  Removal

28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1334 vests district courts with jurisdiction over "all proceedings arising under title 11, or arising in or related to cases under title 11." *See Stern v. Marshall*, 564 U.S. 462, 473

(2011) ("[T]he district courts of the United States have original and exclusive jurisdiction of all cases under title 11." (internal quotation marks and citation omitted)).  "[R]elated to" jurisdiction exists if the action's "outcome might have any conceivable effect on the bankrupt estate." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (internal quotation marks and citation omitted).  "In determining whether jurisdiction is proper, [the Court] look[s] only to the jurisdictional facts alleged in the [notice of removal]." *In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).  "A federal court must remand a case to state court if it lacks subject matter jurisdiction." *Young v. Pfizer, Inc.*, No. 04 Civ. 6609, 2004 WL 2998517, at *1 (S.D.N.Y. Dec. 27, 2004).

Although § 1334 "grants district courts jurisdiction over . . . bankruptcy proceedings, it also permits courts to abstain in the interests of justice or comity." *Joseph & Kirschenbaum LLP v. Tenenbaum*, No. 19 Civ. 5577, 2020 WL 242374, at *3 (S.D.N.Y. Jan. 16, 2020); *see* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.").

Last, even if removal is proper, the district court, pursuant to 28 U.S.C. § 1452(b), "may remand such claim or cause of action on any equitable ground." *KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214, 226 (S.D.N.Y. 2019) (quoting 28 U.S.C. § 1452(b).

    C.  Transfer of Venue

A district court may exercise its discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Among the factors to be

considered in determining whether to grant a motion to transfer venue are:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks and citation omitted).  A court may also weigh "the forum's familiarity with the governing law and trial efficiency and the interest of justice, based on the totality of the circumstances." *Children's Network, LLC v. PixFusion LLC*, 722 F. Supp. 2d 404, 409 (S.D.N.Y.2010) (internal quotation marks and citation omitted).  "No one factor is dispositive and the relative weight of each factor depends on the particular circumstances of the case." *Smart Skins LLC v. Microsoft Corp.*, No. 14 Civ. 10149, 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015).  "The movant bears the burden of establishing, by clear and convincing evidence, that a transfer of venue is warranted." *Children's Network*, 722 F.Supp.2d at 409 (internal quotation marks and citation omitted).

   II.   Analysis

      A.  Motion to Intervene

On February 2, 2020, three days after Sean Dunne commenced this action in state court, Trustee moved to intervene pursuant to the powers vested in him by the bankruptcy code. *See* Motion to Intervene; Def. Opp. at 8.  Trustee moved pursuant to New York Civil Practice Law and Rules ("CPLR") § 1012, which sets forth the criteria for a putative-intervenor to intervene as a right in a state court proceeding. *See* Motion to Intervene.  Before the state court ruled on the motion, John Dunne and Trustee removed the case to the Southern District of New York. Def. Opp. at 8.  The Court reviews Trustee's motion to intervene under the federal intervention

statute, Rule 24(a) of the Federal Rules of Civil Procedure, and finds that intervention is warranted.

First, Trustee's motion was timely. "Although timeliness defies precise definition, courts consider: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *First Data*, 2020 WL 2215457, at *2 (internal quotation marks and citation omitted). Here, the motion was submitted at the earliest stage of this litigation, within three days of the action being filed, eliminating any potential for delay. Moreover, denying the motion would prejudice Trustee as it would prevent him from executing his duties under the Bankruptcy Code. Last, Federal Rule of Bankruptcy Procedure 6009, which provides that "[w]ith or without court approval, the trustee . . . may prosecute or may enter an appearance and defend any pending action . . . by or against the debtor . . . before any tribunal," creates an "unconditional right to intervene," Fed. R. Civ. P 24(a)(1).

Accordingly, because Trustee's motion was timely, and made pursuant to the unconditional right to intervene provided by Rule 6009, the motion to intervene is GRANTED.

B. Motion to Remand

Because this Court possesses subject matter jurisdiction over this action, abstention is not warranted, and no equitable grounds favor remand, the Court denies Sean Dunne's motion to remand. First, this Court may exercise subject matter jurisdiction because this action is "related to" a case under Title 11. Sean Dunne's complaint in this action relates to his bankruptcy case, pending in Connecticut, within the meaning of 28 U.S.C. § 1334 because the complaint seeks to enjoin the transfer of the proceeds from the sale of Walford. *See* Compl. ¶¶ 19–25; *see also*

Notice of Removal ¶ 10.  A jury has already concluded that Sean Dunne fraudulently transferred Walford in order to defraud his creditors.  Notice of Removal ¶ 9.  Trustee currently holds the Walford Escrow for the benefit of Sean Dunne's bankruptcy estate, and that fund was "long contemplated and discussed as funding a substantial portion of a global settlement" arising out of Sean Dunne's fraudulent transfers.  Def. Opp. ¶ 13; *id.* ¶ 17.  "Related to" jurisdiction exists, therefore, because the outcome of Sean Dunne's action seeking a judgment limiting the purposes for which the Walford Escrow may be used, and enjoining John Dunne from using the funds for any other purpose, "might have" a "conceivable effect on the bankrupt estate," which has staked a claim to the same proceeds.  *Parmalat*, 639 F.3d at 579 (internal quotation marks and citation omitted); *see also* Def. Opp. at 10.  These facts are "enough to satisfy the liberal standard for 'related to' subject-matter jurisdiction."  *Gramercy Warehouse Funding I LLC v. Colfin JIH Funding LLC*, No. 11 Civ. 9715, 2012 WL 75431, at *5 (S.D.N.Y. Jan. 6, 2012).  The Court, therefore, may exercise jurisdiction over this action.

Even so, a court with subject matter jurisdiction can abstain from hearing the matter "in the interest of justice," or "in the interest of comity with State courts or respect for State law," 28 U.S.C. § 1334, or could remand the action to state court "on any equitable ground," 28 U.S.C. § 1452(b).  "Courts in this district have treated the analysis under these two statutory provisions as essentially identical."  *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, No. 04 Civ. 708, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004) (citation omitted).  Courts have identified a number of factors to determine whether permissible abstention or equitable remand should apply including,

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity with state courts; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the

8

       existence of a right to trial by jury; (7) prejudice to the involuntarily removed
       parties; and (8) the potential for duplicative and uneconomical use of judicial
       resources and the lessened possibility of inconsistent results.

*Id.* (citations omitted). Applied to the facts here, these factors weigh in favor of this Court's retaining jurisdiction and denying remand.

     First, the efficient administration of the bankruptcy estate counsels both against abstention or remand, and as discussed further below, in favor of transferring the case to the District of Connecticut. Trustee holds the balance of the Walford Escrow in the District of Connecticut. Def. Opp. at 12. Remanding to New York State court and requiring Trustee to defend an out-of-state action will be less efficient than having the claims heard in Connecticut, where two federal judges are already intimately familiar with the issues and where Sean Dunne's bankruptcy proceeding is pending. *Id.*

     Second, issues of state law do not predominate in this action. Sean Dunne argues that issues of "self-dealing and use of funds owned or owed to another" are issues that are governed by state common and statutory law. Pl. Mem. at 14, ECF No. 11. The funds at issue, however, are funds that are held by Trustee in favor of the bankruptcy estate and are subject to Trustee's statutory obligations as the Chapter 7 Trustee of the bankruptcy estate. Def. Opp. 7. Because the funds are intertwined with the bankruptcy estate, including being held as security for a settlement that is subject to the jurisdiction of the Bankruptcy Court, issues of bankruptcy law predominate.

     Third, as Sean Dunne concedes, his action does not raise any complex or unsettled issues of state law. *See* Pl. Mem. at 14–15. Fourth, although trust and property law are matters of state law, this case presents no uniquely local issue implicating concerns for comity with New York state courts, especially in light of the fact that none of the parties or property at issue, with the

exception of John Dunne, has any connection to New York.  *See* Notice of Removal ¶¶ 1–3; *see also* Def. Opp. at 12 (noting that Sean Dunne and the Dunne children reside in England, the property is not present in New York and not subject to New York jurisdiction, and that "the only connection to New York State is the fact that John [Dunne] resides in New York").

Fifth, the degree of relatedness of the proceeding to the main bankruptcy case also counsels against abstention or remand.  In this action, Sean Dunne seeks to enjoin Trustee from using an asset that is held by him as an asset of the bankruptcy estate to be credited against a potential global settlement or as security for the D. Conn. Case's jury verdict.  Sean Dunne's claims, therefore, are highly relevant to the main bankruptcy case.

Sixth, "[b]ecause a bankruptcy court cannot conduct a jury trial absent special designation by the district court and the consent of all parties, the presence of a Seventh Amendment jury trial right in a removed action weighs heavily in favor of remand." *Kerusa*, 2004 WL 1048239, at *6 (citation omitted).  But here, Sean Dunne seeks declaratory and injunctive relief, both of which are equitable claims, and so the Seventh Amendment jury trial right is not implicated.  *See United States v. Stein*, 452 F. Supp. 2d 276, 280–81 (S.D.N.Y. 2006) (holding that defendants did not have a right to a jury trial where the relief sought, specific performance or an injunction, was equitable in nature and did not create a right to a jury trial).  This factor, therefore, does not weigh in favor of abstention or remand.

Seventh, the Court does not find that there will be any prejudice to the removed parties from declining to abstain or remand, and rejects Sean Dunne's argument that removal, coupled with transfer of this matter to Connecticut, will cause delays.  Pl. Mem. at 16.  Because this action is intertwined with the bankruptcy and other matters pending in the District of Connecticut, it is more likely that transfer will lead to a more efficient administration of the case,

10

given the familiarity of the Connecticut District Court and Bankruptcy Court with the matters at issue. Moreover, because neither Sean Dunne nor the Dunne Children live in New York, they can litigate this action in Connecticut as easily as they can in New York.

Eighth, the potential for duplication and waste of judicial resources and the possibility of inconsistent results weighs heavily in favor of removal and transfer to the Connecticut District Court. The Connecticut District Court, along with the Bankruptcy Court, has intimate familiarity with the issues in this action, and is in the best position to decide those issues. There is a far greater risk of inconsistent results if this case were remanded to state court, particularly because of the long and complex nature of the litigation generated by Sean Dunne's bankruptcies in Connecticut and Ireland.

Accordingly, because the Court may exercise subject matter jurisdiction, and neither abstention nor equitable remand is warranted, Sean Dunne's motion to remand is DENIED.

C.  Motion to Transfer

After considering the *New York Marine* factors, the Court concludes that transfer to the District of Connecticut is appropriate. Although Sean Dunne has expressed a preference for proceeding in New York by commencing the action in New York County, this factor does not weigh heavily against transfer because deference to his choice of forum is diminished when the chosen forum "is neither the [plaintiff's] home nor the place where the operative facts of the action occurred." *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 329 (S.D.N.Y., 2016) (internal quotation marks and citation omitted).

The convenience of witnesses and the convenience of parties, on the other hand, are both factors that counsel heavily in favor of transfer because "the only witness in New York that might testify is the Defendant John Dunne" and he consents to the transfer of venue. Trustee

11

Mem. ¶ 23; Def. Opp. at 14. "[T]o the best of the Trustee's knowledge and belief, all other relevant witnesses are located in the Republic of Ireland, Gibraltar, the U.K. and Cypress – not in New York." Trustee Mem. ¶ 23. Moreover, the ability to compel witnesses is the same in New York and Connecticut because John Dunne lives within in the subpoena power of the Connecticut District Court." *See* Trustee Mem. ¶ 26; *see also* Fed. R. Civ. P. 45(c) (noting that a "subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person").

The location of relevant documents and locus of operative facts also weighs heavily in favor of transfer because the settlement that Sean Dunne seeks to prevent was achieved in Connecticut, and the bankruptcy estate, which has an interest in the funds, is also located in Connecticut. *See* Def. Mem. at 10. Moreover, the relative means of the parties is either a neutral factor, or slightly favors Connecticut as the appropriate venue. Sean Dunne and the Dunne Children reside in England, John Dunne resides in New York but consents to transfer, and the funds at issue, Sean Dunne's bankruptcy estate, and ongoing litigation related to the bankruptcy, are all located in Connecticut. Last, the Connecticut District Court and the Bankruptcy Court have more than seven years of experience with the Sean Dunne bankruptcy and related actions, including ongoing settlement discussions and tentative agreements reached under the guidance of a magistrate judge there. This, too, counsels in favor of transfer. *See Children's Network*, 722 F.Supp.2d at 409; *see also* Def. Opp. at 1.

Because transferring the case will allow for the efficient administration of the bankruptcy estate and avoid the potential for duplication and uneconomical use of judicial resources and the possibility of inconsistent results, this Court finds that transfer pursuant to 28 U.S.C. § 1404(a) is appropriate.

Accordingly, Trustee and John Dunne's motion to transfer this case to the United States District Court for the District of Connecticut is GRANTED.

## CONCLUSION

For the reasons stated above, Trustee's motion to intervene is GRANTED, Sean Dunne's motion to remand this action is DENIED, and Trustee's and John Dunne's motion to transfer is GRANTED. The Clerk of Court is directed to amend the caption as styled above, to terminate the motions at ECF Nos. 3 and 9, to transfer this action to the United States District Court for the District of Connecticut, and to close the case.

SO ORDERED.

Dated: May 18, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge