# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEAN DUNNE<br>   Plaintiff | : | CIVIL ACTION NO.:<br>3:20-cv-00734-JAM |
| v. | : | |
| JOHN DUNNE<br>   Defendant | : | |
| and | : | |
| RICHARD M. COAN, TRUSTEE<br>   Defendant-Intervenor | : | November 20, 2020 |

## <u>DECLARATION OF JOHN DUNNE</u>

I, John Dunne, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.     I am the sole named defendant in this action.

2.     I make this Declaration in support of my motion.

3.     I am 33 years old and the son of Sean Dunne, plaintiff in this action and the Debtor in the Bankruptcy proceeding *In re Sean Dunne* Chapter 7, Case No. 13-50484 (JAM) (Bankr. D. Conn.).

4.     I am named as a defendant in the case before the United States District Court for the District of Connecticut captioned *Coan v. Dunne et al.*, Civil Action No. 15-cv-00050 (JAM) (the "Consolidated District Court Case") in which Richard Coan, the Trustee of the Bankruptcy Estate of Sean Dunne (the "Trustee"), asserted various claims concerning potential fraudulent or avoidable transfers from Sean Dunne, against myself, Gayle Killilea my step mother and the former wife of Sean Dunne ("Killilea"), and certain other entities affiliated with Killilea.

5.      After trial in the Consolidated District Court Case, the jury returned a verdict (ECF No. 509) on June 4, 2019, but I was not found liable in anyway, for any actions or transaction related to the Debtor; the verdict remains subject to post-trial motions, and the verdict has not been reduced to a judgment.

6.      Equitable claims tried to the Court in the Consolidated District Court Case also remain pending and subject to post-trial motions, but to the best of my understanding the Trustee is not asserting any equitable claims against me. *See Trustee Brief on Remaining Equitable Claims* (ECF No. 524) 7/15/19.

7.      Yesreb Holdings Limited ("Yesreb") is a Cypriot entity established for the benefit of Killilea to purchase the property on Shrewsbury Road, Dublin Ireland commonly referred to as "Walford" in March 2013 from Killilea for €14,000,000.

8.      In the trial in the Consolidated District Court Case, the jury verdict found that Sean Dunne had fraudulently transferred Walford to Killilea and entered an award on that claim of €14,000,000.

9.      Yesreb was mentioned extensively in the jury trial but was never made a party to the Consolidated District Court Case and the jury made no finding as to Yesreb.

10.     As the evidence at the trial of the Consolidated District Court Case demonstrated, I agreed to become the beneficial owner of Yesreb in March 2013 as an accommodation to Killilea for her tax purposes.

11.     Until November 8, 2019, Totaltrust Management Limited was Yesreb's sole director.  On that day, Totaltrust Management Limited resigned and I was appointed the sole director of Yesreb.  I have continued to serve as a director of Yesreb since then.  I could resign as

director at any stage, at my own discretion, but have opted to remain a director as the parties to the Consolidated District Court Case have pursued a potential global settlement.

12.     In March 2013, Killilea and I agreed that if Yesreb was successful in developing the Walford Property, then profits from the development would be split between myself (25%) and Killilea's then three minor children, my half-brothers (75%).

13.     Killilea's now four minor children (the "Minor Children") never had a legal or beneficial ownership interest in Yesreb and my ownership of Yesreb was never in trust for Killilea's Minor Children.

14.     In the fall of 2013, Bloem Settlement, a trust established by Killilea for her minor children ("Bloem") became a creditor of Yesreb, having loaned certain monies to Yesreb to pay part of the purchase price of Walford to Killilea.  Bloem is a British Virgin Islands discretionary trust.  Bloem was established by a Deed of Settlement dated December 23, 2020 (the "Deed"). In accordance with the Deed, the trustee of Bloem has absolute discretion as to whether to make any distributions from Bloem.  As I understand it, as a matter of law, the class of beneficiaries entitled to benefit under a discretionary trust cannot be said to have any beneficial interest in the trust property until a distribution is made from the trust.  Killilea is also a creditor of Yesreb, as well as a creditor of Bloem itself.  Killilea has not been paid in full from Yesreb or Bloem.

15.     Development efforts for Walford were unsuccessful and it was determined in the later part of 2016 by Killilea to sell Walford to Celtic Trustees Limited ("Celtic") an unrelated third party.

16.     On December 9, 2016, Yesreb was sued on behalf of the bankruptcy Estate of Sean Dunne in Ireland in an action styled *Christopher Lehane as Official Assignee in Bankruptcy in the Estate of Sean Dunne v. Yesreb Holding Limited*, Record No. 2016/10991P, which action

sought to recover the Walford property (the "Walford Litigation") and in furtherance of his claims in the Walford Litigation, the Official Assignee registered a lis pendens (the "Lis Pendens") against Walford.

17.     On or about December 15, 2016, Yesreb and Celtic entered into an agreement for Celtic to buy Walford for €14.25 million.  As a result, Yesreb would make no profits on the purchase and sale of Walford and I did not benefit from the sale monetarily or in any other form.

18.     As part of that sale of Walford to Celtic, and as a result of the pendency of the Walford Litigation and the Lis Pendens, by agreement in writing dated December 20, 2016, Yesreb and Celtic entered into an escrow agreement (the "Escrow Agreement") whereby the sale of Walford from Yesreb to Celtic would be consummated, and €12 million of the proceeds therefrom and certain other CGT Funds amounting to €2,137,500 (the "Escrow Funds") would be placed into an escrow account (the "Escrow Account") until the dismissal or other resolution of the Walford Litigation and the release of the Lis Pendens.

19.     In July 2019 the Consolidated District Court Case, was referred to the Honorable Magistrate Judge Robert M. Spector for mediation and, therefore, the briefing on the equitable claims and all other post-verdict motions were held in abeyance.

20.     In late 2019 and early 2020, the Official Assignee in Bankruptcy of the Estate of Sean Dunne (the "OA") and the Trustee pressed to proceed with the Walford Litigation.

21.     On the eve of a trial in Dublin, which was scheduled to start in early February 2020, counsel for the OA, counsel for the Trustee, counsel for Yesreb, counsel for Celtic and counsel for Killilea and myself in the in the Consolidated District Court Case, were pursuing negotiations to try to resolve the Walford Litigation.

22.    As evidenced by his complaint in this action, Sean Dunne was aware of these negotiations.

23.    On January 30, 2020, Sean Dunne started this action in the Supreme Court of New York against me (ECF No. 8 attachment #1), seeking to enjoin me from using the Yesreb funds in the Escrow Account to settle claims against Yesreb and seeking a declaratory judgment that I could not and should not use the Walford Escrow Account to settle claims against myself and Killilea.

24.    Although Sean Dunne was fully aware of the formation of Yesreb, and the subsequent Walford Escrow Account and Walford Litigation, he sued me personally in this action and did not seek to join Yesreb in this action.

25.    Notably, and contrary to the claims Sean Dunne has made in this action, Sean Dunne previously testified under oath that the Minor Children had no interest in Yesreb:

> Q.  What I'm asking I, isn't true that YESREB was owned by John Dunne, your son, but he was holding that ownership interest for the benefit or your four children that you have with Gayle?
>
> A.  I don't believe that is correct.
>
> Q.  And you don't believe that was ever the case?
>
> A.  My knowledge is I don't believe that statement is correct.
>
> Q.  Was that ever the case?  Did John ever hold the ownership interest in YESREB for the benefit of your four boys?
>
> A.  I don't believe so.

(Exhibit A attached hereto Deposition testimony of Sean Dunne.)

26.    Sean Dunne did not commence any action in Ireland to prohibit Yesreb from settling the Walford Litigation.

27.     On February 3, 2020, the Trustee intervened in this action (ECF No. 8 attachment #4) and the Trustee and my New York counsel filed and served a notice of removal of this action to the United States District Court for the Southern District of New York (ECF No. 6).

28.     On February 3, 2020, in consideration of the removal to federal Court, the New York Supreme Court "Denied without prejudice as moot" Sean Dunne's application for injunctive relief in this action.  (ECF No. 16 attachment #2.)

29.     While Sean Dunne subsequently moved to remand this action to the state court (ECF No. 9,10, 11), at no time did Sean Dunne renew his request for injunctive relief in the federal courts.

30.     Sean Dunne's motion to remand this action was denied and this action was ordered transferred to this Court on May 18, 2020.  (ECF No. 20.)

31.     In the absence of any action by Sean Dunne against Yesreb and in the absence of any court order restraining me, Yesreb entered into a settlement on February 4, 2020, with the OA in Bankruptcy in the Estate of Sean Dunne, and Celtic (the "Yesreb Settlement").  A copy of that Settlement is attached hereto as Exhibit B.[1]

32.     Under that Settlement, Yesreb, the Estate of Sean Dunne and Celtic released claims against each other, vacated the Lis Pendens against the Walford property, acknowledged Celtic had good title to Walford and agreed the Walford Litigation would be stricken.

33.     Pursuant to the Yesreb Settlement, what remained of the Walford Escrow was disbursed.as follows:

---

[1] Although the Yesreb Settlement was intended to be kept confidential, the Yesreb Settlement has already been publicly filed in this Bankruptcy Court for this District, in the action captioned *Richard M. Coan Trustee v. Yesreb Holdings Limited*, Adv. Proc. No. 20-05010.  Yesreb was required to file the settlement to enforce its terms in that the Trustee has sued Yesreb over the Walford Escrow Funds notwithstanding the Estate of Sean Dunne having fully released Yesreb.

(1)     payments for bank charges and fees and costs and expenses of the escrow

agent incurred since December 31, 2019;

(2)     € 1,600,000 to Celtic;

(3)     €250,000 to Yesreb's counsel

(4)     €11,547,933.24 (the remaining Balance) to the Trustee in Connecticut.

34.     Under the Yesreb Settlement, the Balance of €11,547,933.24 was to be held by

the Trustee subject to an order of the US Bankruptcy Court, and the Balance plus € 1,600,000

and €200,000 and the amount of any negative interest charges since December 31, 2019, which

was €7,639.08 (total €13,355,572.32) was to be credited against a Global Settlement of the

Consolidated District Court Case or as security for the Trustee's jury verdict and prospective

judgment.

35.     The € 1,600,000 paid to Celtic was to resolve certain disputes between Celtic and

the OA.

36.     As its director, I allowed Yesreb to enter into the Yesreb Settlement as a means of

ending the Walford Litigation and avoiding additional costs and expenses for Yesreb of a trial of

that litigation.

37.     At the time of the Yesreb Settlement, and to this date, Bloem has not actively

asserted any claim against Yesreb.

38.     I expect that if a Global Settlement is achieved, the Consolidated District Court

Case and all associated claims by the Trustee against Killilea and her various related entities will

be resolved, such settlement should also include a release of the Trustee's potential claims

against Bloem and therefore such settlement will benefit Bloem and indirectly the Minor

Children.

39.     Sean Dunne is not and has never been a trustee of Bloem.

40.     In paragraph 6 of his Complaint in this action, Sean Dunne acknowledges that Yesreb owes money to the "Dunne Children's trust", by which he means Bloem, but Sean Dunne makes no claim in his Complaint that he has any legal right to represent or speak for such trust.

41.     The Minor Children, my four half-brothers, have no claim in their own capacity against Yesreb.

42.     I understand Sean Dunne is not supporting the Minor Children, and the Minor Children have relied and will likely continue to rely solely on Killilea for support.

43.     The Consolidated District Court Case and the various related proceedings in Ireland and South Africa all stem from Sean Dunne's bankruptcy, for which he remains undischarged, and he remains indebted to his creditors for hundreds of millions of Euros.  It is Sean Dunne's bankruptcy and debts that have involved me, Yesreb, Bloem and thereby potentially the Minor Children, my four half-brothers, in a legal quagmire which has continued for years.

44.     I consented to the Yesreb Settlement, in part, because it settled the Trustee's claim against Yesreb for the Walford Funds and I believe it reduces the risk of litigation for Bloem and the Minor Children and may result in a global settlement which would protect the Minor Children and Killilea's remaining assets upon which the Minor Children rely for their support.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 20th day of November, 2020.

John Dunne

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CIVIL ACTION NO. 3:15-CV-00050-JAM

----------------------------------------x

RICHARD M. COAN, TRUSTEE, et al.,

     Plaintiffs,

     VS.

SEAN DUNNE, et al.,

     Defendants.

----------------------------------------x


C O F I D E N T I A L   D E P O S I T I O N

     The Video Deposition of SEAN DUNNE,

taken on behalf of the Plaintiffs in the

hereinbefore entitled action, before

Francine Garb, a Certified Shorthand Reporter

and Notary Public within and for the State of

Connecticut, commencing at 9:25 a.m., on

March 1, 2019, at the offices of Finn, Dixon &

Herling, LLP, Six Landmark Square, 6th Floor,

Stamford, Connecticut 06903.


COURT REPORTER:  FRANCINE GARB, CSR
LICENSE # 139

```
 1                MR. MARTINI:  Objection to the form.
 2        A    No, I didn't understand that.
 3        Q    So let me clarify that.
 4             What I'm asking is, isn't it true that
 5   YESREB was owned by John Dunne, your son, but he
 6   was holding that ownership interest for the
 7   benefit of your four children that you have with
 8   Gayle?
 9                MR. NOLIN:  I object to the form of the
10         question.
11        A    I don't believe that is correct.
12        Q    And you don't believe that was ever the
13   case?
14                MR. NOLIN:  I object form of the
15         question.
16                MR. MARTINI:  Objection.
17        A    My knowledge is I don't believe that
18   statement is correct.
19        Q    Was that ever the case?  Did John ever
20   hold the ownership interest in YESREB for the
21   benefit of your four boys?
22                MR. NOLIN:  I object to the question.
23        A    I don't believe so.
24        Q    Isn't it true that you had claimed that
25   you did not know the buyer of the Walford
```

Page 254

```
 1    STATE OF CONNECTICUT:

 2    COUNTY OF FAIRFIELD:

 3        I, Francine Garb, a Notary Public

 4    within and for the State of Connecticut,

 5    do hereby certify that the deposition of

 6    Sean Dunne was held before me on the 3rd

 7    day of March, 2019, at the offices of

 8    Finn, Dixon & Herling, LLP, Six Landmark

 9    Square, 6th Floor, Stamford, Connecticut

10    06903.

11        I further certify that the witness was

12    first sworn by me to tell the truth, the

13    whole truth and nothing but the truth, and

14    was examined by counsel, and his testimony

15    stenographically reported by me and

16    subsequently transcribed as hereinbefore

17    appears.

18        I further certify that I am not

19    related to the parties hereto or their

20    counsel, and that I am not in any way

21    interested in the event of said cause.

22        Dated at Stamford, Connecticut, this

23    6th day of March, 2019.

24

25                    ss/Francine Garb
```

# EXHIBIT B

THE HIGH COURT

COMMERCIAL

Record No 2016/10991P

Between

CHRISTOPHER LEHANE AS OFFICIAL ASSIGNEE IN BANKRUPTCY

IN THE ESTATE OF SEAN DUNNE

Plaintiff

-and-

YESREB HOLDING LIMITED

Defendant

-and-

CELTIC TRUSTEES LIMITED

Notice Party

-AND-

THE HIGH COURT

COMMERCIAL

Record No 2017/2146P

Between

CELTIC TRUSTEES LIMITED

Plaintiff

-and-

CHRISTOPHER LEHANE AS OFFICIAL ASSIGNEE IN BANKRUPTCY

IN THE ESTATE OF SEAN DUNNE

Defendant

-AND-

THE HIGH COURT

Record No 2017/574 P

Between

DERMOT F. DESMOND, CELTIC TRUSTEES LIMITED, BRETT DESMOND, ZOE DESMOND, ROSS DESMOND AND DERMOT Orse DERY DESMOND

Plaintiffs

-and-

CHRISTOPHER LEHANE and INSOLVENCY SERVICE OF IRELAND

Defendants

THIS AGREEMENT made on 4 February 2020

BETWEEN

1. Christopher Lehane as Official Assignee in Bankruptcy in the Estate of Sean Dunne (the "**Official Assignee**");

2. Yesreb Holding Limited ("**Yesreb**"); and

3. Celtic Trustees Limited ("**Celtic**").

Each a "**Party**" and collectively referred to as the "**Parties**".

IT IS AGREED:

## 1. Full and Final Settlement

These terms of settlement are in full and final settlement of all matters arising in connection with the proceedings entitled *The High Court, 2016 No.10991 P*, Christopher Lehane as Official Assignee in Bankruptcy in the Estate of Sean Dunne, Plaintiff -v- Yesreb Holding Limited, Defendant and Celtic Trustees Limited, Notice Party (hereinafter **"the Yesreb Proceedings"**), *The High Court, 2017 No.2146 P*, Celtic Trustees Limited, Plaintiff -v- Christopher Lehane as Official Assignee in Bankruptcy in the Estate of Sean Dunne, Defendant (hereinafter "**the Celtic Proceedings**") and *The High Court, 2017/574 P*, Dermot F. Desmond, Celtic Trustees Limited, Brett Desmond, Zoe Desmond and Dermot Desmond, Plaintiffs -v- Christopher Lehane and Insolvency Service of Ireland, Defendants (hereinafter "**the Privacy Proceedings**").

In respect of the Privacy Proceedings, Celtic confirms that it has the authority to enter into this settlement agreement for and on behalf of all the Plaintiffs. Equally, the Official Assignee confirms that he has the authority to enter into this settlement agreement for and on behalf of the Insolvency Service of Ireland.

## 2. Consideration

It is only the Yesreb Proceedings, the Celtic Proceedings and the Privacy Proceedings, and no other proceedings in any jurisdiction, which are hereby settled on the basis of an apportionment of the proceeds of an Account No. IBAN CH16 0027 9279 HU12 3950 7 held at UBS Switzerland AG in Switzerland on the basis of a sum of €1,600,000 paid to Celtic, €250,000 paid to Yesreb and the balance of the funds in the account (the "Balance") to the Bankruptcy Estate of Sean Dunne (the "**Settlement Amounts**").

## 3. Apportionment of the Escrow Amount

Yesreb and Celtic agree to instruct Lenz & Staehelin Avocats, of Route de Chene 30,CH-1211 Geneva 6, Switzerland, being the Escrow Agent of the Escrow Agreement dated 20 December 2016 and made between Yesreb and Celtic respectively, to pay the proceeds of Account No. IBAN CH16 0027 9279 HU12 3950 7 to the credit of Richard M Coan, Trustee, Account No.

5003991966 (Bank routing /ABA number 122237159; Case Number 13-50484 Estate of Sean Dunne; Mechanics Bank, 90E.Thousand Oaks Bvld, Suite 300, Thousand Oaks, CA, 91360) (said payment of the Balance is hereinafter referred to as the "**Balance Payment**"), subject to the following deductions:

(i) payment of the bank charges and negative interest, and the fees, costs and expenses of the Escrow Agent to the extent incurred since 31 December 2019;
(ii) the sum of €1,600,000 to Celtic / William Fry Solicitors;
(iii) the sum of €250,000 to Yesreb / OBH Partners Solicitors.

**4.  Escrow Amount Release Letter**

For the purpose of giving effect to Clause 3 above, Yesreb and Celtic have each executed an Escrow Amount Release Letter which is attached at Appendix 1.

**5.  Release and Waiver**

Save for the rights and obligations contained in the Deed of Covenant between Yesreb and Celtic (which are preserved), all Parties hereby release and forever discharge/waive, all and/or any actions, claims, rights, demands and set-offs, whether in this jurisdiction or any other, whether or not presently known that they, their related parties or any of them ever had, or hereafter can, shall or may have against the other Party or any of their related parties arising out of or connected with ALL THAT AND THOSE the dwelling house and premises known as "Walford", 24 Shrewsbury Road, Dublin 4 ("**the Property**").  The Official Assignee undertakes that, upon receipt by Richard M. Coan, Trustee, of the Balance Payment, he shall procure that Mr Coan promptly file a Motion in the U.S. Bankruptcy Court for authority to provide a release to Celtic and, upon obtaining said approval, shall provide a release to Celtic in similar terms to that set out in this paragraph 5 and, upon obtaining said approval, shall provide a release to Celtic in a form mutually agreeable to Celtic and to the Trustee.

In respect of the claims made in connection with the Property in the Yesreb Proceedings and Celtic Proceedings, the Official Assignee in Bankruptcy acknowledges that Celtic has good title to the property.

Upon receipt of the Balance Payment by Richard M. Coan, Trustee, the Official Assignee undertakes to vacate the lis pendens registered against the Property and to obtain any necessary orders from the Court to give effect to the vacation of the lis pendens.  The Official Assignee also undertakes to assist with any Property Registration Authority queries arising regarding the cancellation of the lis pendens and to facilitate a first registration application by or on behalf of Yesreb and / or Celtic.

6.  The Payment to be made to Richard M. Coan, Trustee shall be held subject to an order of the US Bankruptcy Court and the sum of the Balance plus €1,600,000 and plus €200,000, plus the

amount of any negative interest charged since 31 December 2019, will be credited as against the "Global Settlement" of the jury verdict in proceedings entitled *Coan v. Sean Dunne et al ADV. Proc. No15-5019 (JAM) (Consol)(the "U.S. Litigation")*. In the event that the parties in the U.S. Litigation do not achieve a "Global Settlement" approved by U.S. Bankruptcy Court, the Balance shall be held pending further order of the U.S. Bankruptcy Court as security for the Trustees jury verdict and prospective judgment. The resolution of the Global Settlement does not affect in any way the settlement reached between the Parties to this settlement agreement in respect of the Yesreb, Celtic and Privacy Proceedings.

**7. Strike out of the Yesreb Proceedings and the Celtic Proceedings**

As soon as possible after the execution of this agreement, the Parties will apply for the hearing of the Yesreb Proceedings and Celtic Proceedings (scheduled to commence on 5 February 2020) to be adjourned pending receipt of the Settlement Amounts by all Parties.

Upon receipt of the Settlement Amounts, and with the consent of all Parties, applications shall be made to strike out the Yesreb Proceedings, the Celtic Proceedings and the Privacy Proceedings with no Orders for costs and for all previous Orders to be vacated. The striking out of the Privacy Proceedings shall be on notice to Eversheds-Sutherland, solicitors for the Defendants in those proceedings, and shall be communicated to the Court of Appeal.

**8. Confidentiality**

The terms of this settlement agreement, and the substance of all negotiations in connection with it, are confidential to the Parties, their experts and their advisers, and such persons shall not disclose the terms, or otherwise communicate them to, any third party other than:

- to the Parties' respective auditors, insurers and lawyers on terms which preserve confidentiality; and/or
- pursuant to an order of a Court of competent jurisdiction, or pursuant to any proper order or demand made by any competent authority or body where they are under a legal or regulatory obligation to make such a disclosure; and/or
- as far as necessary to implement and enforce any of the terms of this Settlement Agreement.

**9. Liberty to Apply**

Liberty to apply, on the giving of 48 hours' notice, to enforce the terms of this settlement agreement.

**10. Costs**

The Parties shall each bear their own costs of the proceedings and all costs related to the preparation of this settlement agreement.

**11. Entire Agreement**

This settlement agreement constitutes the entire understanding and agreement between the Parties in relation to the subject matter of this settlement agreement.

**12. Governing Law and Jurisdiction**

This settlement agreement shall be governed by, and construed in accordance with, the laws of Ireland. Any dispute arising out of or in connection with, or concerning the carrying into effect of, this settlement agreement shall be subject to the exclusive jurisdiction of the Courts of Ireland, and the Parties hereby submit to the exclusive jurisdiction of those Courts for these purposes.

**13. Counterparts**

This Settlement Agreement may be signed in any number of counterparts, each of which, when signed, shall be an original and all of which together evidence the same agreement.

WF-25939539-exe

Executed for and on behalf of
Yesreb Holding Limited

Duly authorised

Title:    Director

Executed for and on behalf of
Celtic Trustees Limited

Duly authorised

_____
Title:

Executed by
Christopher Lehane (as Official Assignee in Bankruptcy in the Estate of Sean Dunne)

_____
Title:

Executed for and on behalf of
Yesreb Holding Limited

Duly authorised

Title:

Executed for and on behalf of
Celtic Trustees Limited

Duly authorised

Title:

Executed by
Christopher Lehane (as Official Assignee in Bankruptcy in the Estate of Sean Dunne)

Title:

Executed for and on behalf of

Yesreb Holding Limited

Duly authorised

_____

Title:

Executed for and on behalf of

Celtic Trustees Limited

Duly authorised

_____

Title:

Executed by

Christopher Lehane (as Official Assignee in Bankruptcy in the Estate of Sean Dunne)

_____
Title:

Christopher Lehane
Official Assignee in Bankruptcy

**APPENDIX 1**

YESREB HOLDING LIMITED

Your ref:      23522.001 SCHAD / LEHMM

*Strictly Private & Confidential*

**By courier and email**

Attn: Me Daniel Schafer
Lenz & Staehelin
Route de Chêne 30
CH-1211 Geneva 6

4 February 2020

**Escrow Amount Release Letter**

Dear Sirs

Capitalised terms used in this Escrow Amount Release Letter shall have the meanings assigned to them in the Escrow Agreement dated 20 December 2016, entered into by and between Yesreb Holding Limited, Celtic Trustees Limited and Lenz & Staehelin.

Pursuant to Article 5 of the Escrow Agreement, we hereby jointly irrevocably instruct you to release the full Escrow Amount amounting to €13,414,962.43 (as per the statement of account dated 31 December 2019) less the outstanding negative interest and costs of the Escrow Agent and bank, to the payees identified below:

| Payee | Amount | Account Details |
|---|---|---|
| Celtic Trustees Limited<br>The Red House<br>One The Parade<br>Castletown, Isle of Man,<br>IM9 1LG | €1,600,000 | **Account Name:**<br>Merdon Trust<br><br>**Account Details:**<br>IBAN: A/C Privileged Communication 1529 65<br>BIC:      BOFIIE2D<br>Acc:      A/C Privileged 2965<br><br>**Bank Address:**<br>Bank of Ireland, Lower Baggot St, Dublin 2, Ireland |

| OBH Partners<br>(solicitors for Yesreb Holding Limited)<br>17 Pembroke Street Upper<br>Dublin 2<br><br>Reference: DL/FOB/3710/01 | €250,000 | **Account Name:** OBH Partners<br><br>**Account Bank:** Allied Irish Banks plc,<br>100/101 Grafton Street, Dublin 2<br>**Account Number:** A/C Privileged 5120<br>**Sort Code:** 93-10-47<br>**IBAN:** A/C Privileged Communication<br>**BIC:** A/C Privileged IE2D |
| Richard M. Coan<br>Trustee<br><br>Case No. 13 – 50484<br>Estate of Sean Dunne | The balance of the Escrow Amount | **Account Name**<br>Richard M. Coan<br><br>**Account Details**<br><br>Account No. A/C Privileged H 966<br>Bank Routing/ABA No. A/C Privileged 7159<br><br>**Bank Address**<br><br>Mechanics Bank<br>90E Thousand Oaks Bvid<br>Suite 300<br>Thousand Oaks<br>CA<br>91360 |

Yours faithfully


For and on behalf of
**Yesreb Holding Limited**

Duly authorised

Title/    Director

WF-25939534-exe

2

**CELTIC TRUSTEES LIMITED**

Your ref:     23522.001 SCHAD / LEHMM

*Strictly Private & Confidential*

**By courier and email**

Attn: Me Daniel Schafer
Lenz & Staehelin
Route de Chêne 30
CH-1211 Geneva 6

4 February 2020

**Escrow Amount Release Letter**

Dear Sirs

Capitalised terms used in this Escrow Amount Release Letter shall have the meanings assigned to them in the Escrow Agreement dated 20 December 2016, entered into by and between Yesreb Holding Limited, Celtic Trustees Limited and Lenz & Staehelin.

Pursuant to Article 5 of the Escrow Agreement, we hereby jointly irrevocably instruct you to release the full Escrow Amount amounting to €13,414,962.43 (as per the statement of account dated 31 December 2019) less the outstanding negative interest and costs of the Escrow Agent and bank, to the payees identified below:

| Payee | Amount | Account Details |
|---|---|---|
| Celtic Trustees Limited<br>The Red House<br>One The Parade<br>Castletown, Isle of Man,<br>IM9 1LG | €1,600,000 | **Account Name:**<br>Merion Trust<br><br>**Account Details:**<br>IBAN: A/C Privileged Communication 1529 65<br>BIC: A/C Privilege E2D<br>Acc: A/C Privile 2965<br><br>**Bank Address:**<br>Bank of Ireland, Lower Baggot St, Dublin 2, Ireland |

| OBH Partners (solicitors for Yesreb Holding Limited) 17 Pembroke Street Upper Dublin 2 Reference: DL/FOB/3710/01 | €250,000 | **Account Name:** OBH Partners **Account Bank:** Allied Irish Banks plc, 100/101 Grafton Street, Dublin 2 **Account Number:** ᴬᶜ ᴾʳⁱᵛᵃ5120 **Sort Code:** 93-10-47 **IBAN:** A/C Privileged Communication 05120 **BIC:** Aᴬᶜ ᴾʳⁱᵛE2D |
|---|---|---|
| Richard M. Coen Trustee Case No. 13 – 50484 Estate of Sean Dunne | The balance of the Escrow Amount | **Account Name** Richard M. Coen **Account Details** Account No. A/C Privileged Co966 Bank Routing/ABA No. 122237159 **Bank Address** Mechanics Bank 90E Thousand Oaks Bvld Suite 300 Thousand Oaks CA 91360 |

Yours faithfully

For and on behalf of
**Celtic Trustees Limited**

Duly authorised

Title:

2