United States District Court
District of Connecticut
FILED AT  NEW HAVEN
12/14/20
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

2020 DEC 11  P 12: 03

Clerk for Judge Meyer

Richard C Lee United States Courthouse

141 Church Street

New Haven, Connecticut 06510

12th December 2020

**Re: Sean Dunne v John Dunne and Richard Coan, CIVIL ACTION NO.: 3:20-cv-00734-JAM**

Dear Sirs,

Please find enclosed enclosing a Letter from Peter Nolin of 21st September 2020 referred to in paragraph 33 to be added to the court file.

Yours faithfully,

Sean Dunne

Peter Nolin

Partner

707 Summer Street

Stamford

CT 06901-1026

21 September 2020

**Re: Yesreb Holding Limited ("Yesreb")**

Dear Mr Nolin,

**Background**

I refer to your five page letter of 15th inst, to Mr Tony Flanagan of Wilton Group which was copied to Gayle Dunne (**GKD**) and John Dunne (**JD**) who you have represented in various matters since 2015 and in particular my bankruptcy case in Connecticut. Mr Tony Flanagan has forwarded it to me in my capacity as sole disinterested guardian, custodian and next friend ("**Disinterested Guardian**") of my minor children with Gayle Dunne, namely TJ (aged 6), Ryan (aged 10), Harrison (aged 13) and Bobby Dunne (aged 15) ("**Minor Children**").

This letter is written regarding the monies held by Yesreb for my Minor Children (the "**Specific Fund**"). JD is the sole shareholder of Yesreb which he and the financial advisor to GKD, James Ryan ("**JR**") have given written confirmation the Yesreb shares have only nominal value due to a loan outstanding to the Bloem Trust. The Minor Children are the sole beneficiaries of the Bloem Trust.

Your letter of 15th September 2020 asserts:

> *"The Children are not creditors of Yesreb and have no contractual or business relationship with Yesreb. They have no rights to assert a claim for beneficial ownership of Yesreb and JD and Yesreb have no duty to account to the Children or to provide them with any information about Yesreb's activities, operations and litigations."*

**Facts**

1. On 26 March 2013, JD entered into an undertaking with GKD as sole beneficial owner of the shares of Yesreb (the "**Undertaking**") whereby he undertook and covenanted the following:

> *Para. 3* "I hereby confirm, undertake and covenant that in the event of a sale of the Property any proceeds of such sale, which exceeds the amount then outstanding under the Loan Agreement, shall be held by me on trust for the joint benefit of Harrison Dunne, Ryan Dunne, Bobby Luke Dunne and I, in equal shares as tenants in common."
>
> *Para. 4* "I hereby further confirm, undertake and covenant that on your written request I shall take such further steps as you may require to formalize this arrangement including, without limitation, the execution of any formal declaration of trust or the execution of a will with appropriate bequests to Harrison Dunne, Ryan Dunne, Bobby Luke Dunne."

2. Due to the property (Walford) not being granted planning permission for a new development, the value of the property did not increase and the profit share did not crystalize with its sale to Celtic Trustees Limited in 2016. Therefore, as GKD and JD have confirmed in sworn testimony, paragraph 3 above is not applicable to the Specific Fund.

   The **Undertaking** confirms that Yesreb is a trust for the minor children. The entire value of the Specific Fund is also owed to the Bloem Trust. Yesreb's loan note to GKD has been fully redeemed by Bloem Trust advancing a loan of €11.5 million to Yesreb and the balance of €2.5m from proceeds of the sale to Celtic Trustees. GKD has been fully paid once for the sale of her asset Walford to Yesreb. GKD cannot legally seek to get paid a second time for the sale of the same asset. GKD outside of being the mother owing moral obligations to her children has a fiduciary duty to ensure that the Specific Fund is protected for its rightful owners being the Minor Children. In essence GKD loan has been fully redeemed and is now the property of the Specific Fund (via Yesreb) and the Bloem Trust.

3. It was always intended and understood by all that the Minor Children's half-brother JD, Settlor of the Bloem Trust, sole beneficial owner of the shares of Yesreb would at all times act in the best interests of the Minor Children. Yesreb's only asset is a specific cash fund held for the benefit of the Minor Children (the "**Specific Fund**"). There is no value in Yesreb due to the outstanding loan owned to Bloem Trust, which has been in default

since September 2018. As confirmed, Yesreb's shares are therefore of nominal value only.

**By email dated 7 September 2018 at 5.36 pm to Sean Dunne**

JR confirmed the following:

- Yesreb has two principal creditors being Gayle Dunne €2,514,912 (30 June 2018) and The Bloem Settlement USD29,956,170 (30 June 2018)
- Yesreb's sole asset is the escrow funds of €13.8m
- **<u>Yesreb's shares are therefore of nominal value only</u>**

JR is director of GKD companies, financial controller of all of her assets, acting authority over all trusts, responsible for books and records for all the trusts which are in his possession, litigation strategist, keeper of all litigation documents, discovery analyst and financial advisor. JR prepared all loan documentation between Bloem Trust and Yesreb including GKD's loan note to Yesreb in 2013.

Separately, JD as director and shareholder of Yesreb also acknowledges that the shares are of nominal value. Yesreb was never intended to be anything other than as a vehicle for holding, developing or disposing of its sole asset Walford, which it sold in December 2016.

4. The Undertaking confirms that Yesreb was an integral part of the trust for the Minor Children.

5. Ms Jennifer Fay, solicitor for the Irish Official Assignee ("**Fay**") swore in the Irish High Court Yesreb Proceedings on affidavit dated 31st January 2020, wherein at Paragraphs 8, 9 and 10 she states the following:

Para. 8  *"The suggested ownership contrasts with what is in John Dunne's witness statements (para 12) in these proceedings. Sean Dunne's pleading states:*

*'While no liability has been found as to John Dunne, he seeks to use the Specific Fund to settle a claim against him and*

3

|  |  |
|---|---|
|  | *Gayle Killilea Dunne ('GKD') even though the Specific Fund is owed to a trust for the benefit of the Dunne Children (who are also the owners of Yesreb)'.* |
| Para. 9 | *It appears to be now alleged that John Dunne does not hold the shares in Yesreb in trust for Gayle Dunne (who was allegedly the owner of Walford) but that they are held by John Dunne in trust for the bankrupt's children:* |
|  | *'John Dunne is the sole director of an entity known as Yesreb Holding Limited ("Yesreb") and also hold shares in trust for the benefit of Plaintiffs'. The Plaintiff's are Sean Dunne's minor children."* |
| Para. 10 | *The complaint goes on to recite the following:* |

(9) *"John Dunne and GKD are currently negotiating a resolution to claims against them for monetary damages in Connecticut (the "GKD Settlement")."*

(10) *"GKD has professed to Sean Dunne that she intends to use the Specific Fund to pay monies toward settling the claims against John Dunne and herself. John Dunne is in the process of following GKD's wishes."*

(11) *"Upon information and belief gathered from conversations with GKD and others, the Settlement is to be concluded this week or next and the monies funding the Settlement are in part, all the assets of Yesreb (i.e. the Specific Fund)."*

(12) *"If the Specific Fund is depleted, transferred and spoliated- including being used to fund to fund the GKD Settlement, the Dunne Children will be robbed of the benefits owed them."*

(13) *"The Dunne Children will have no recourse and a monetary judgment here will be worth nothing as it will be unenforceable against Yesreb or any other person."*

(14) *"Accordingly, the only just and fair resolution here is that the Specific Fund not be used to fund the GKD*

4

*Settlement, that GKD fund the GKD Settlement with her own funds (of which she has ample), and that the monies set aside in trust for the benefit of the Dunne Children remain in Yesreb and held for the benefit of the Dunne Children only."*

**Documents Required and Withheld**

6. I immediately require JD's witness statement in the Irish Yesreb Proceedings referred to in the affidavit of 31st January 2019 of Fay as it clearly contradicts the two depositions and witness statements of GKD and JD respectively in the Adversary Proceedings. The Official Assignee and the Trustee in Bankruptcy were fully aware of their evidence in the Adversary Proceedings in Connecticut, as you JD, GKD and JR are also. All parties were in possession of their affidavits, discovery and witness statements in the Yesreb Proceedings in the Irish High Court. It therefore now appears a fraudulent act is being perpetrated upon the Minor Children by GKD, JD, JR, the Bankruptcy Trustee and his agent the Official Assignee in Ireland and you to obtain the Specific Fund, to pay the debts of GKD.

7. Fay confirms that JD swore a witness statement under oath with regard to the Yesreb Proceedings in Dublin on 12th December 2019 which is diametrically, the polar opposite of what GKD and JD swore, which is the truth, in the Connecticut Adversarial Proceedings in front of Judge Myer. What they swore in the Adversarial Proceedings is the truth. They both swore on deposition and in testimony that the proceeds of Yesreb were held in trust for three (Ryan, Harrison and Bobby) of the Minor Children. TJ, aged 6, was not born when Yesreb was established.

**Fact Background**

8. JD and GKD are not related but both are defendants in the Adversary Proceedings.

9. JD and GKD have been negotiating a resolution under Court ordered mediation to judgments and claims against them for money damages in Connecticut, since July 2019.

10. JD and GKD now seek to use the Specific Fund to pay monies towards settling the claims against GKD and JD.

11. The settlement has not concluded.

12. The name of Yesreb is misstated in the proceedings referred to herein in the Connecticut Bankruptcy Court. The correct name is *"Yesreb Holding Limited"* not *"Yesreb Holdings Limited"*, the proceedings have therefore been invalidly instituted.

13. There is no claim by my Bankruptcy Trustee, Mr. Coan over the trust or its assets or the Specific Fund, any such claim which he has asserted is statute barred. The Minor Children are not a party to the mediation and their Specific Fund is not an asset of my bankruptcy estate. No party to the mediation has any right to use the specific fund of the Minor Children as is now intended.

14. I as Disinterested Guardian have been denied by JD, GKD, JR and attorney Milltenberger for the Trustee in Bankruptcy copies of: (a) the draft settlement, (b) the Yesreb settlement, (c) corporate, trust and loan documentation for Yesreb and Bloem Trust, (d) audited certified accounts of Yesreb and Bloem Trust, along with all accounting information and (e) the GKD Statement of Assets (**"SOA"**). The Disinterested Guardian has been frozen out and denied visibility because all parties want him neutralized and not to interfere with this fraudulent act. The documents are required so that the Minor Children's rights and entitlements are met.

15. GKD submitted her SOA to Magistrate Spector in October 2019. I have sought and also been denied a copy of this. The reason we require sight of the SOA is twofold: (i) to ascertain the veracity of same and specifically does the statement of assets include the Yesreb Specific Fund. If the SOA does include the Specific Fund it is incorrect. If it does not include the Specific Fund it is clear that GKD and JD accept that the Specific Fund belongs to the Minor Children and they have fiduciary duties as settlor, trustee and protector to protect the estate. The Disinterested Guardian requires visibility of her SOA. (ii) The Disinterested Guardian is aware GKD has adequate assets of her own to meet the Settlement without spoilating the Specific Fund of our Minor Children.

16. GKD has substantial assets to fund the settlement personally and has no need or right to use the Specific Fund of the Minor Children. It is inherently illegal and unjust to misappropriate the Specific Fund to self-deal and settle claims against GKD and JD. If the Specific Fund is used to settle personal claims against GKD and JD there will be no trust assets remaining for the Minor Children.

17. I have recently ascertained that JD and GKD as Settlor and Protector have dismissed the Independent Trustees of the Bloem Trust and appointed themselves so that they can seek to take the actions which a properly acting independent trustee would refuse to do. As Disinterested Guardian, I am now faced with JD being sole director of Yesreb, settlor of the Bloem Trust, trustee of the Bloem Trust and self-dealing in trust assets. I appointed GKD to replace me as protector of the Bloem Trust in 2013 and she has abrogated her role as protector of her own children's estate to purloin the Specific Fund for her own ends. The positions of JD and GKD are untenable given their blatant abrogation of their fiduciary duties to minors in seeking spoilation of the Specific Fund for their own benefit.

18. The Dunne Children seek through me, their Disinterested Guardian, protection to ensure the Specific Fund is not depleted. There is nobody representing their interests other than me as Disinterested Guardian.

19. JD confirmed to me as Disinterested Guardian at our first mediation conference in New Haven with Magistrate Spector in July 2019 where you, GKD, JR and your assistant Liam Burke were also in attendance that the Specific Fund would never be used otherwise than for the Minor Children. He stated: *"Don't worry Seanie [the Disinterested Guardian], that will never happen under my watch."*

20. You as attorney representing JD, GKD and Yesreb are fully aware of these facts. Your letter ignores and conceals factual information in your possession from the Minor Children who are the victims of a fraudulent act. I have stated in correspondence as Disinterested Guardian that I am entitled to the requested information and documentation which is in GKD, JD, JR and Trustee in Bankruptcy's possession and all parties continue to

7

deny these requests. You have stated that GKD, the other guardian, who is hopelessly conflicted, objects to the release of the information. This is obviously because she is in the process of defrauding the Bloem Trust and Yesreb. The legal situation in law is that one guardian cannot veto the other guardian's request for information. Each guardian is entitled to information from the Bloem Trust and Yesreb that affect the rights of the Minor Children. You are conflicted in acting for Yesreb and be a key party to misappropriating its sole asset the Specific Fund.

21. When it became clear to me in January this year (despite being misled by JD that this would never happen) that the monies were to be misappropriated by JD, GKD (assisted by you and JR) and the US Trustee in Bankruptcy on 31 January 2020 I was obliged as Disinterested Guardian to institute proceedings: *Sean Dunne, as Parent, sole disinterested guardian, primary custodian and next friend to the Dunne Children v John Dunne*, Case #1:20-cv-00896-AT, to attempt to halt this fraudulent act with a temporary restraining order to protect the estate.

22. JD on behalf of GKD and himself worked in tandem with the US Bankruptcy Trustee to intervene and have the case moved to Connecticut where I am unrepresented as the Disinterested Guardian of the Minor Children so that the substance of the bona fide claim could not be heard. The purpose of this litigation strategy was to delay the action being pursued in Court by the Disinterested Guardian and erroneously treat it as if it does not exist or is moot, which it is not. JD with full knowledge of the pending proceedings moved €2.5m of the Yesreb trust funds to GKD and the balance of €12.5m from an escrow account in Switzerland to the US Bankruptcy Trustee's Escrow Account as confirmed by the Settlement Agreement entered into on 4 February 2019, four days after I commenced the above action.

23. The foregoing is a blatant breach of: trust, fiduciary duties, the prohibition on self-dealing and the undertaking JD provided to me verbally and in writing not to use the trust funds in any settlement. It is a violation of my minor children's assets. As Disinterested Guardian JD has forwarded me emails and texts which clearly states that he is and was being force and coerced by GKD and the US Trustee in Bankruptcy to undertake these actions. As Disinterested Guardian, it is obvious to me that he is no longer

looking after the best interests of the estate and must be replaced forthwith with an independent director/trustee. He must be restrained from taking any other actions regarding the Specific Fund. GKD must also be removed as Protector of the Bloem Trust and all fiduciary positions over the Minor Children's affairs. Most importantly, all parties involved in the fraudulent act of spoliating the Specific Fund must be restrained from taking any action.

**Documentation**

Please provide to me the full suite of documentation referred to herein relating to the Bloem Trust and Yesreb to me in my capacity as Disinterested Guardian of the Minor Children by noon, Monday 21st September 2020 (5 pm, GMT). Please advise of the current status of all Yesreb court proceedings.

Please ensure that the Disinterested Guardian is added as a notice party and person with interest in relation to the: Yesreb Proceedings; related court proceedings, the escrow account and issues directly or indirectly relating to the Specific Fund. Please ensure all correspondence is copied to me, pending the appointment of independent trustees (which will not be the Disinterested Guardian). The independent trustees' sole function will be to preserve the Specific Fund, all books and assets of the Minor Children.

**Documents in Possession**

All the documentation referred to in this letter is in the possession of the parties referred to herein.


Yours faithfully,

*[signature]*

Sean Dunne


Cc Attorney Nolin, Attorney Miltenberger, Attorney Antonelli, John Dunne, Gayle Dunne, James Ryan